IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO L. GORDON,

    Petitioner

v.

B. A. BLEDSOE,

    Respondent

CIVIL NO. 3:CV-12-782

(Judge Conaboy)

**FILED SCRANTON**

MAY 16 2012

PER _____ DEPUTY CLERK

**MEMORANDUM**
**Background**

    Mario L. Gordon, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. An <u>in forma pauperis</u> application has also been submitted. Named as Respondent is USP-Lewisburg Warden B. A. Bledsoe. For the reasons outlined below, Petitioner will be granted leave to proceed <u>in forma pauperis</u> for the sole purpose of the filing of this matter, however, his petition will be denied without prejudice.

    Petitioner does not challenge the legality of his federal criminal conviction or sentence. Rather, Gordon's habeas corpus petition indicates that he is seeking relief with respect to a June 22, 2011 institutional misconduct filed against him by Correctional Officer B. Shirk wherein Petitioner was charged with threatening a correctional officer. <u>See</u> Doc. 1, p. 2. Petitioner generally asserts that the disciplinary charge was falsified and he

was denied due process during the ensuing misconduct proceedings by a biased disciplinary hearing officer.[1] Ryan does not describe what sanctions were imposed as a result of the finding of guilt rendered at his misconduct hearing and he asks only that the misconduct charge be expunged.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the

---

[1] Gordon contends that it was his cellmate, Darnell Norton, who was involved in the incident underlying the misconduct charge.

petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

As noted above, the vague allegations set forth in the Petition do not include a challenge to the legality of Gordon's present incarceration. Specifically, Petitioner does not claim that he was sanctioned to a loss of good time credits during the disciplinary proceedings. Furthermore, there is no indication that the duration of his ongoing confinement was otherwise affected as a result of the misconduct charge at issue. Accordingly, this Court

cannot conclude that Gordon is claiming entitlement to speedier or immediate release from custody.

Thus, based upon Gordon's present petition it is not apparent that the purported acts of constitutional misconduct adversely affected the fact or duration of his incarceration. See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.)(alleged improper placement in administrative confinement is not a basis for relief under § 2241). Accordingly, "habeas corpus is not an appropriate or available federal remedy" with respect to said claims. See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be denied as meritless without prejudice to any right Gordon may have to reassert his present claims via a properly filed civil rights complaint, or via submission of a curative amended § 2241 petition.

If Petitioner can show that he was sanctioned to a loss of good conduct time, or that the period of his incarceration was somehow extended as a result of the misconduct charge, he may file an amended habeas corpus petition within fourteen (14) days of the date of this Memorandum. Upon the submission of such an amended petition, this matter will be reopened. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: MAY 16, 2012